**NATIONAL ASSOCIATION OF BLUE SHIELD PLANS, a non-profit corporation, et al., Plaintiffs,**

v.

**UNITED BANKERS LIFE INSURANCE COMPANY, a corporation, et al., Defendants.**

**Civ. A. No. 1237.**

United States District Court
W. D. Texas,
Austin Division.
July 16, 1964.

Melville Owen, Owen, Wickersham & Erickson, San Francisco, Cal., Philip R. Overton, Austin, Tex., for plaintiffs.

Mark S. Smith, Smith & Smith, Lubbock, Tex., for defendants.

FISHER, District Judge.

The above Civil Action No. 1237, wherein National Association of Blue Shield Plans, et al, are the plaintiffs, and wherein United Bankers Life Insurance Company, a corporation, and Donald J. Willmon, President, are defendants, having come on for trial before the Court, the Honorable Joe J. Fisher presiding, and both parties having been heard, and briefs having been filed prior to said trial, and the Court having heard the evidence and arguments, and having read and considered the pleadings, and being advised in the premises, the Court here makes the following:

## FINDINGS OF FACT

1. Plaintiff, National Association of Blue Shield Plans (hereinafter referred to as Blue Shield National), is a non-profit Illinois corporation with its principal office at 425 North Michigan Avenue, Chicago, Illinois.

2. Plaintiff, Group Medical & Surgical Service, is a non-profit Texas corporation with its principal office at 2201 Main Street, Dallas, Texas.

3. The defendant, Donald J. Willmon, is President of the defendant, United Bankers Life Insurance Company, and a citizen of the State of Texas. The defendant, United Bankers Life Insurance Company, a Texas corporation organized and doing business under the laws of the State of Texas, with its home office in Dallas, Texas, has used the words "red shield" on contracts of insurance providing hospitalization coverage since 1950, and has used the symbol of a red shield printed with the color red, and bearing in its center a white cross, and over the cross in white, the word "United", and under the cross the word "Bankers" in connection with its advertisements of its hospitalization policies.

4. That defendant, United Bankers Life Insurance Company has had "Red Shield" hospitalization policies on file with the Commissioner of Insurance of the State of Texas since 1950, and has had "Improved Red Shield" hospitalization policies on file with the Commissioner of Insurance of the State of Texas since 1950, and registered an Improved Red Shield personalized coverage policy, registration number 182262, dated September 1, 1950, and bearing date of receipt in Copyright Office, April 23, 1951.

5. That defendant, United Bankers Life Insurance Company has used the words "Improved Red Shield" in connection with its hospitalization policy and advertising for the said company's hospitalization policies in inter and intrastate commerce since the year, 1951.

6. That defendant United Bankers Life Insurance Company has used the symbol of a red shield bearing a white cross with the word "United" over the cross in white, and under the cross, the word "Bankers" in inter and intrastate commerce since the year, 1951.

7. That defendant United Bankers Life Insurance Company, by and through its agents did use a circular printed in blue, bearing the words "Improved Red Shield", and advertised therein a hospitalization policy, and enclosed with the said circular, a return, pre-paid postcard addressed to United Bankers Life Insurance Company, Dallas, Texas, which said postcard was entirely printed in blue and bore the words "Improved Red Shield", and bore the shield hereinbefore referred to in Paragraph five (5), and bearing a white cross, and over it the word "United", and under it, the word "Bankers."

8. The Court further finds that Red Shield, and the words "Improved Red Shield", and the use of a shield colored red, and bearing thereon, a white cross

and the word "United" over the cross, and the word "Bankers" under the cross, has not confused nor mislead the public into believing that the defendants' services are those of plaintiff Blue Shield National, and no confusion has been shown to have occurred.

9. Plaintiff, Blue Shield National, owns the following federal service mark registrations: 557,037 (Blue Shield); 557,040 (Blue Shield); 562,430 (a blue colored shield); 591,778 (a blue colored shield with a caduceus imposed thereon); and 617,304 (a shield in any color with a caduceus imposed thereon). The first four registrations listed above were adjudged by this Court to be incontestable under the Trademark Act of 1946. (Par. IV of Judgment of March 22, 1963).

10. Apart from the federal and state registrations of Blue Shield National, said plaintiff has acquired valuable, protectible rights in the marks Blue Shield and the shield design by virtue of its extensive and exclusive use thereof. Said marks serve to identify plaintiff, Blue Shield National, and its local plans and the prepaid medical-health care services offered by said plans.

11. The service marks of plaintiff, Blue Shield National, namely BLUE SHIELD and the shield design, have been held "not descriptive nor deceptively misdescriptive of the services rendered by plaintiff." (Par. III of Judgment of March 22, 1963).

12. Defendant's use of the words "red shield" and the symbol of a shield in its advertising and on its policies of insurance in the color blue constitute an infringement upon plaintiffs' rights.

13. The use of the words "red shield" and the above described symbol of a shield by defendant in the color blue is similar to plaintiffs' name and mark and is prejudicial to the integrity of plaintiffs' trade identification, and constitutes an appropriation of the good will and reputation which plaintiffs have built and created in their symbol of a blue shield and the use of the words "Blue Shield" by plaintiffs.

14. The use of words "red shield" in the color blue, and the aforesaid symbol of a shield in the color blue by defendant in connection with the sale of its insurance policies did and does constitute unfair competition with plaintiffs and has and will impair plaintiffs' reputation, and such use will dilute the distinctive quality of plaintiffs' trade-mark, and will cause confusion, or is likely to cause confusion or mislead the public into believing that defendant sells or offers services or contracts of insurance which are the services or insurance policies of plaintiffs.

15. Defendant offered proof that other parties had used the symbol of a red shield on policies of insurance and advertising of insurance by other parties as, or as part of, a trade-mark, long prior to the use of a shield by plaintiffs or defendant, but prior to September 23, 1939, no company had ever used the word "shield" in a service mark to identify any medical-surgical-health care plans. Prior to October, 1947, no shield design similar to plaintiffs' shield had ever been used as a service mark for said type of plans.

16. Since September 23, 1939, plaintiff, Blue Shield National, and its predecessors have used and have licensed the use of the mark Blue Shield, and since October, 1947, have used and have licensed the use of the design of a shield to identify its local Blue Shield plans and the services rendered by these local doctor-sponsored, non-profit prepayment health care plans.

17. The common generic meaning of the word "shield" is "defend" or "protect." The word "shield" does not describe insurance in general or medical-health care insurance in particular.

18. Plaintiff, Group Medical & Surgical Service, is a local Blue Shield Plan, licensed by Blue Shield National to use the marks in suit. It also holds in its own name, but as trustee for Blue Shield National, the following Texas trade-mark and service mark registrations: 14,255 (Group Medical and Surgical Service and shield symbol); 16,609 (a blue shield

symbol) ; 23,418 (a shield with caduceus thereon) ; 23,419 (Blue Shield) ; and 23,420 (a shield symbol.)

19. Plaintiff, Blue Shield National, exercises careful and constant control over the local Blue Shield plans, including their use of the marks Blue Shield and the shield design, and over the nature and quality of the services rendered by Blue Shield Plans.

20. By virtue of plaintiffs' national and local advertising, of the extremely large enrollment, and of the non-profit doctor-sponsored nature of the services performed, the marks BLUE SHIELD and the shield design have both become well and favorably known throughout the United States, including the State of Texas, as marks which identify the National Association's local plans and their prepaid medical-surgical-health care services.

21. Plaintiff offered a consumer survey of reaction by the public to certain advertising matter printed in blue, bearing the words "improved red shield" and bearing the shield of United Bankers printed in blue, and this was held to be some evidence of confusion, but not conclusive.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction over the parties and the subject matter of this suit.

2. Plaintiffs, National Association of Blue Shield Plans, the owners of collective service mark number 557,037, dated April 1, 1952, for the words "Blue Shield"; and number 557,040, dated April 1, 1952, for the words "Blue Shield"; and numbers 562,430, 591,778 and 617,304, dated July 27, 1952, for a shield emblem in the color blue; and having a caduceus superimposed thereon. Further, the Texas registrations therefor held in trust by Group Medical & Surgical Service are numbers 14255, 16609, 23418, 23419 and 23420.

3. The defendants' use of the symbol of a shield as its mark, in the color blue, and the use of the printed words "red shield", in the color blue, in connection with the advertising and sale of hospitalization insurance, is an infringement of plaintiffs' right of exclusive use of its trade-mark in connection with the advertising and sale of hospitalization insurance.

4. Defendants' use of its mark and the words "red shield" in the color blue in connection with the advertising and sale of insurance is likely to cause confusion such as to cause the public erroneously to believe that the insurance sold by defendant is the same as that of plaintiffs, or that the parties are somehow related through association, sponsorship, or endorsement.

5. Defendants' use of its mark and the words "red Shield" in the color blue are a colorable imitation of plaintiffs' mark or name.

6. The question of plaintiffs' laches is not properly before the court, and is held to be immaterial.

7. The application of plaintiff for the injunctive relief sought is partially granted.

8. The defendant should be enjoined from printing its mark and shield symbol in the color blue and using same on its advertising printed in the color blue. The defendant further should be enjoined from printing the words "red shield" in the color blue, but should not otherwise be enjoined from using the color blue in its advertising, circulars, and policies, etc.

9. Plaintiff is not entitled by virtue of its federal and state registration to the exclusive use of the color blue.

10. Plaintiff is not entitled by virtue of its federal and state registration to the exclusive use of the symbol of a shield or of the word "shield."

11. Plaintiff is not entitled to damages.